IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG SCHMIDT, | ) ) | |
| Plaintiff, | ) | No. 05 C 2134 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| STEVEN M. KLINMAN, M.D. and | ) | |
| RANVIR S. AHLAWAT, M.D., | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Craig Schmidt sues Drs. Steven M. Klinman and Ranvir S. Ahlawat ("defendants") for injuries allegedly sustained as a result of defendants' negligence and medical malpractice. Specifically, Schmidt claims that defendants deviated from the standard of care by prescribing Xanax and Ultram for him through an internet service without conducting a personal interview or a physical examination. Schmidt and defendants move *in limine* to bar evidence at trial.

## DISCUSSION

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthrone Partners v. AT&T Technologies*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* at 1041. Denial of a motion *in limine* does not mean evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the

evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## A. Schmidt's Motions *in Limine*

### 1. Motion to bar conviction of felony/misdemeanors

Schmidt moves to bar defendants from offering any evidence of prior felony or misdemeanor convictions because, he argues, such evidence is irrelevant. Schmidt also claims defendants are precluded from offering criminal history evidence because it has not been disclosed under Federal Rule of Civil Procedure 26(a). In his deposition, Schmidt testified that he has never been convicted of a felony or a crime involving dishonesty. Defendants claim to have proof that Schmidt was in fact convicted of possession of crack-cocaine, a felony. This evidence may be relevant to plaintiff's credibility as it is contrary to Schmidt's deposition testimony. Fed. R. Evid. 608. Further, defendants are not required to disclose evidence that will be used for impeachment purposes. Fed. R. Civ. P. 26(a)(1)(B). Nor should Schmidt's own felony conviction be a prejudicial surprise to him. Therefore, Schmidt's motion to bar evidence of his prior convictions must be denied.

### 2. Motion to bar reference to suicide

Schmidt moves to bar defendants from referring to his attempted suicide. He argues there is no evidence his injuries were the result of attempted suicide and that any such argument would be misleading and prejudicial. Defendants respond that the amount of medicine Schmidt ingested is clearly relevant to the case and is listed in his medical records, the Village of Bloomingdale and the Village of Addison police reports.[1] The Village of Addison police report, authored by a possible

---

[1] As discussed *infra*, ruling on the Village of Addison police report's admissibility is deferred until trial.

impeachment witness, states that Schmidt's wife advised the paramedics that Schmidt's ingestion of Xanax and Ultram resulted from his deep depression. The motion *in limine* is premature and must be denied. The court's ruling shall be deferred until the foundation for evidence concerning the suicide attempt is presented at trial. Suicide may not be mentioned in opening statements or otherwise in the jury's presence without prior court authorization.

### 3. Motion to bar evidence of contributory negligence

Schmidt argues defendants' affirmative defenses alleging contributory negligence are premised on negligence that occurred after the alleged tortious conduct. Therefore, Schmidt argues, defendants should be prohibited from arguing contributory negligence to the jury. Contributory negligence is a question of fact for the jury. *Gruidl v. Schell*, 519 N.E.2d 963, 967 (Ill. App. Ct. 1988). Contrary to Schmidt's assertions, a plaintiff's actions subsequent to alleged tortious conduct can constitute the basis for contributory negligence. *Hobart v. Schin*, 185 Ill.2d 283 (Ill. 1999) (patient's misuse of prescription following doctor's appointment was proper basis for contributory negligence defense). Thus, the motion *in limine* must be denied.

### 4. Motion to bar reference to the Village of Addison police report

Schmidt argues that any mention of the Village of Addison police report should be barred pursuant to the court's November 3, 2005 order. No. 05 C 2134, Dkt. No. 67. A motion to reconsider is currently before the court concerning the Village of Addison police report. Ruling on the report is reserved.

### 5. Motion to bar defendant Klinman from testifying at trial

Schmidt moves to bar Klinman from testifying at trial due to the assertion of his Fifth Amendment privilege against self incrimination in discovery responses. Klinman stated that he does

3

not plan to testify at trial. Klinman Resp. to P's Motion *in limine* #11, No. 05 C 2134, Dkt. No. 118 (Nov. 30, 2005). Thus, the motion is moot.

Schmidt also requests that the court instruct the jury that Klinman's testimony would be adverse to his interests. The Fifth Amendment does not forbid adverse inferences against parties to a civil action when they refuse to testify in response to probative evidence offered against them. *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663 (7th Cir. 2002); *Central States, et al. v. Wintz Properties*, 155 F.3d 868, 871 (7th Cir. 1998) ("[I]nvoking the Fifth Amendment in a civil context invites inference that witness' testimony would be adverse to his interests."). The trial judge, however, has discretion under Rule 403 to decline an adverse inference instruction if its probative value is outweighed by its prejudicial effect or its likelihood of jury confusion. *Id.*; *Daniels v. Pipefitters' Association Local Union*, 983 F.2d 800, 802 (7th Cir. 1993) (the adverse inference is permissive, it is not required). Schmidt's request for an adverse inference instruction is denied as premature. The court reserves ruling until the probative value of an inference can be weighed in the proper context.

### 6. Motion to bar evidence of arrest or conviction for DUI prior to May 11, 2004

Schmidt moves to exclude evidence of his previous arrests or convictions for driving under the influence of alcohol prior to May 11, 2004. He argues that this evidence is irrelevant to any issue under Rules 401 and 402. Further, he argues that any relevance is outweighed by the potential prejudicial effect under Rule 403. Defendants respond that previous arrests for driving under the influence of alcohol are relevant to show Schmidt's history of substance abuse.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the

4

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403. Evidence is unfairly prejudicial if it will "induce the jury to decide the case on an improper basis rather than on the evidence presented." *United States v. Miles*, 207 F.3d 988, 992 (7th Cir. 2000).

Previous arrests for driving under the influence of alcohol are not relevant to the issues in this case and are likely to prejudice the jury against Schmidt. The motion *in limine* must be granted.

### 7. Motion to bar evidence of consumption of Paxil or Vicodin

Schmidt moves to exclude evidence that he may have consumed Paxil or Vicodin. He denies taking either drug in the months preceding his injuries at issue and argues there is no evidence that these drugs proximately caused his injuries. Defendants assert that Schmidt's use of Paxil is relevant because it demonstrates his history of mental health issues, including anger control, anxiety, and stress. Schmidt claims that his mental health worsened as a result of his injuries from defendants' medical malpractice. Defendants respond that it is necessary to establish Schmidt's health prior to the alleged malpractice. Defendants also argue that Schmidt ordered the Vicodin over the internet in late 2003, the same means he used to obtain the prescriptions in this case.

Schmidt's mental health before his overdose may be relevant. Evidence of his pre-occurrence mental health may assist the jury in determining the injuries Schmidt claims to suffer. Although relevance of Schmidt's previous use of Vicodin is doubtful, it is not clearly inadmissible for all possible purposes. These determinations must await trial. The motion *in limine* must be denied.

### 8. Motion to bar defendant Ahlawat from testifying at trial

Schmidt argues that Ahlawat should be barred from testifying at trial because he originally stated he would assert his Fifth Amendment privilege if called to testify. However, on September 19, 2005, Ahlawat notified Schmidt by letter that he intended to testify and was willing to be deposed. Counsel had difficulty scheduling the deposition. As a result, Schmidt requests that the court bar Ahlawat from testifying. Notably, Schmidt has not pursued the matter in court. Schmidt failed to move to compel Ahlawat's testimony. Nor did Schmidt request an extension of discovery for the limited purpose of deposing Ahlawat. As a general proposition, a witness's deposition is not a condition precedent for that witness' testimony at trial. *St. Francis Hospital of Evanston v. DeFever*, No. 94 C 4238, 1996 WL 6565, at *2 (N.D. Ill. Jan. 5, 1996). Schmidt's motion to bar Ahlawat's testimony must be denied.

### 9. Motion to bar April 14, 2004 Letter

Schmidt and Klinman move to bar an April 14, 2004 letter recently produced by Ahlawat. On November 15, 2005, after discovery closed, Ahlawat's attorney faxed Schmidt and Klinman a copy of a letter purportedly authored by Ahlawat and dated April 14, 2004. The letter terminates Ahlawat's relationship with the internet company through which Schmidt received Ultram, prior to the issuance of the prescription.

The exhibit must be excluded unless Ahlawat shows his failure to produce the document timely was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). Rule 26 requires a party to provide "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, ..." Fed. R. Civ. P. 26(a)(1)(B). A party must supplement or amend its disclosures if he learns that the information

6

disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). To ensure compliance with these discovery requirements, Rule 37 provides "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The sanction of exclusion is automatic and mandatory unless the sanctioned party shows that its violation of 26(a) was either justified or harmless. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1988). The following factors guide the trial court's determination of whether exclusion is appropriate: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Catepillar*, 324 F.3d 851, 857 (7th Cir. 2003).

Ahlawat offers no justification or explanation for his delay in producing the letter. Nor does he assert that there was no bad faith in failing to disclose the document sooner. In addition, he does not offer a basis for the admission of a document that on its face appears to be inadmissible hearsay. Ahlawat simply requests that the court continue the trial date and re-open discovery so that Schmidt and Klinman can conduct discovery on this document. Ahlawat fails to show that his delay in disclosing the letter was justified or harmless. Therefore, the April 14, 2004 letter must be excluded.

### 10. Motion to bar evidence of consumption of Wellbutrin

Schmidt moves to exclude evidence that he may have consumed Wellbutrin or Vicodin. He denies taking either drug at the time he suffered his injuries and argues there is no evidence that these drugs proximately cause his injuries. Defendants assert there is sufficient evidence to suggest that

7

Schmidt may have taken Wellbutrin immediately prior to suffering the injuries in this case. Specifically, defendants' experts will testify that Schmidt's toxicology results, as well as his medical records, suggest Wellbutrin may have been ingested and contributed to his injuries. Schmidt fails to meet the high burden to exclude this evidence. The motion *in limine* must be denied.

### 11. Motion to bar evidence that defendants did not prescribe medications in issue

Schmidt moves to exclude any evidence that defendants did not prescribe Xanax and Ultram for him. He asserts that defendants have not produced any evidence to suggest they did not prescribe the medication, and thus should be precluded from making such an argument. Schmidt's motion is vague and fails to identify the evidence he seeks to bar. It is denied.

### A. Defendants' Motions *in Limine*

Schmidt does not object to Klinman's motions *in limine* 1, 2, 3, 6, 17, 19, and 22. Schmidt also does not object to Ahlawat's motions *in limine* 1 (paragraphs A through F), 2, 3, 5, and 22. Thus, these motions are moot. Ruling on Klinman's motion to bar Schmidt from introducing evidence of future medical expenses (#24) is premature pending the deposition of Nelson Escobar. Ahlawat's motion *in limine* 1, "General," attempts to preclude nine broad categories of evidence without any citation to legal authority or factual support. Ahlawat's motion *in limine* 1 must be denied as insufficient legally and factually.

### 1. Motion to bar evidence that defendants are not licensed in Illinois (Klinman #4, Ahlawat # 11)

Defendants move to bar evidence they are not licensed physicians in the State of Illinois. Defendants argue that whether they are licensed in Illinois is irrelevant to a medical malpractice claim. They assert that any relevance is outweighed by its prejudicial effect because the jury may

8

improperly conclude that if defendants violated a statute by practicing medicine without a license, they are guilty of malpractice. Schmidt contends that when a defendant violates a statute, and causes an injury the statute was designed to avoid, the defendant's violation is proper evidence of causation. *Noyola v. Board of Education*, 688 N.E.2d 81, 85 (Ill. 1977). Schmidt also asserts that lack of a license is relevant to the standard of care defendants exercised.

Defendants fail to properly support their motions *in limine*. While the lack of a license may be prejudicial, it may also be relevant to the issues of causation and deviation from the standard of care. Therefore, defendants' motions *in limine* to bar evidence they are not licensed in Illinois must be denied.

### 2. Motion to bar evidence of pre- and post occurrence prescriptions over the internet (Klinman # 5, Ahlawat # 8)

Defendants move to bar evidence they issued prescriptions over the internet before or after the date the prescriptions for Schmidt were issued. They argue this evidence is irrelevant and constitutes impermissible evidence of a prior bad acts. Schmidt argues that the evidence is admissible as evidence of habit under Rule 406.

Rule 406 provides, "[e]vidence of the habit of a person or of the routine practice of an organization ... is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406. Schmidt apparently contends that defendants had a standard practice of issuing prescriptions over the internet. The admissibility of evidence offered under Rule 406 must be determined with great caution to ensure that what is denominated as "routine practice" or "habit" is not actually evidence of other acts offered to prove a party's propensity to act in conformity with its general character, in violation of Rule

404(b). *Simplex, Inc. v Diversified Energy Systems, Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988). The sparse evidence proffered is insufficient to determine whether defendants' prescription of medicine is of a habitual nature and therefore admissible under Rule 406. The determination must await trial. The motion *in limine* must be denied.

### 3. Motion to bar "drug dealer" reference (Klinman # 7)

Defendants move to bar Schmidt from referring to them as "drug dealers," or "internet drug dealers." Defendants offer no legal support for their motion aside from the stating that the use of these terms would be highly prejudicial. Schmidt responds an order barring this language would prevent him from presenting relevant evidence. Schmidt responds that the terms may be unflattering, but asserts they are nonetheless accurate. Because defendants fail to adequately support their motion, it must be denied.

### 4. Motion to bar evidence that defendants are under criminal investigation (Klinman # 8, Ahlawat #17)

Defendants move to exclude evidence of ongoing criminal investigations into their medical practices. Schmidt responds that he does not plan to introduce evidence of the ongoing investigations, but requests the court to reserve ruling on this issue. Schmidt asserts that if defendants are indicted and plead guilty, he may seek to introduce evidence of the guilty pleas. The probative value of an ongoing criminal investigation is substantially outweighed by danger of unfair prejudice, confusion of the issues and jury confusion. *United States v. Miles*, 207 F.3d 988, 992 (7th Cir. 2000). Defendants' motions to exclude evidence of the criminal investigations must be granted. If defendants plead guilty, Schmidt may raise the issue outside the jury's presence.

### 5. Motion to bar evidence that Klinman returned Thomas Schmidt's calls (Klinman # 9)

Klinman moves to exclude testimony by Schmidt's father, Thomas Schmidt. Thomas Schmidt testified at his deposition that he attempted to contact Klinman by telephone several times after his son suffered his injuries but Klinman never returned his telephone calls. Klinman states this evidence is irrelevant and prejudicial. A physician's phone calls to a patient may be probative of his standard of care and his relationship with his patient. In addition, Klinman fails to adequately support his motion. Thus, the motion must be denied.

### 6. Motion to Bar testimony of Dr. Gerald P. Myers (Klinman #10, Ahlawat #12)

Defendants move to bar Dr. Gerald P. Myers from testifying at trial, both as a fact witness and an expert witness, because Schmidt failed to identify him in his Rule 26 disclosures. Rule 26 requires a party to provide "the name and if, known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses ..., identifying the subjects of information." Fed. R. Civ. P. 26(a)(1)(A). A party must supplement or amend its disclosures if he learns that the information initially disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Rule 37 provides for exclusion of witnesses who are not timely disclosed. Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1988); *Nutrasweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000) (undisclosed expert opinions are automatically excluded unless the proponent can show that its violation of Rule 26(a) was either justified or harmless). A treating professional who will provide expert testimony must be disclosed under Rule 26(a)(2)(A). *Musser v. Gentiva Health Servs.*, 356

11

F.3d 751, 756-57 (7th Cir. 2004). "[A] treating doctor is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Id.* at 751, n.2.

Schmidt originally disclosed Dr. Myers as a fact witness in a discovery response on July 6, 2005. He subsequently listed Dr. Myers as a witness in his supplemental Rule 26(a)(1) disclosure on September 1, 2005. Dr. Myers' deposition was taken on October 12, 2005 and attended by all parties. Schmidt states that Dr. Myers was not retained as an expert witness and he had no knowledge of his opinions until the deposition.

Dr. Myers was Schmidt's treating physician from 2001 to late 2003. During Dr. Myers' deposition, he offered opinion testimony on the standard of care in prescribing medication over the internet. This testimony is based on "scientific, technical, or other specialized knowledge." Following the deposition, Schmidt did not supplement his Rule 26 disclosures to offer Dr. Myers as an expert witness. Dr. Myers was not named as an expert. Therefore, he may not offer opinion testimony. He may, however, testify as a fact witness. Although he was not listed in Schmidt's original 26(a)(1) disclosures, he was identified in a supplemental disclosure and defendants had the opportunity to depose him. Accordingly, defendants' motions *in limine* are granted in part and denied in part.

### 7. Motion to Bar Authoritative Literature (Klinman #12, 23, Ahlawat #4, 16)

Defendants move to bar testimony about authoritative literature and the introduction of federal, state or other medical standards as substantive evidence. Defendants fail to adequately support their argument. They cite *Schulman v. Stackable* for the proposition that authoritative literature is inadmissible. However, *Schulman's* holding has been limited to situations where a

12

medical expert is not using the content of the literature as a basis for his opinion, but rather to bolster his opinion by showing that other experts agree with his position. *Kochan v. Owens-Corning Fiberglass Corp., et al.*, 610 N.E.2d 683, 697-98 (Ill. App. Ct. 1993). Instead, *Kochan* held that experts may cite literature to show: support of an opinion: that studies exist on the topic; and to explain how an expert came to his opinion. *Id.* at 698. Further, under Illinois law, publications including evidence of relevant standards may be admissible. *Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1184 (7th Cir. 1992); *Darling v. Charleston Community Hospital*, 211 N.E.2d 253, 257 (1965). For the foregoing reasons, defendants' motions to bar authoritative literature *in limine* must be denied.

### 8. Motions to bar Dr. Sullivan (Klinman #13, 14, 15 and 25, Ahlawat #13, 14, 15, 20, and 21)

Defendants move to bar the testimony of Schmidt's expert, Dr. Sullivan, in its entirety, or in the alternative, on certain topics. Rule 702 allows expert testimony: "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of opinion or otherwise." Fed. R. Evid. 702. "In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching his conclusions." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). Defendants argue that Dr. Sullivan, an internist, is not qualified to give expert testimony on the effects of Ultram and Xanax; the standard of care for physicians; and the cause of Schmidt's injuries.

The Supreme Court held in *Daubert* that the trial court must perform a gatekeeping function to determine whether expert scientific evidence is admissible under Rule 702. *Daubert*, 509 U.S. at

13

593-95. Under Rule 702, a witness may qualify as an expert by knowledge, skill, experience, training or education. Courts must scrutinize witness testimony to ensure that all testimony based on scientific, technical or otherwise specialized knowledge is subjected to the reliability standard of Rule 702. *United States v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999).

Defendants point out that while Dr. Sullivan is an internist, he has no specialized knowledge of Xanax or Ultram. During his deposition, Dr. Sullivan testified that he does not have knowledge regarding how the drugs in issue pharmacologically affect the brain. Defendants also argue that Dr. Sullivan has limited experience in toxicology.

Dr. Sullivan has practiced medicine for over 30 years, is a board certified in internal medicine, and has been a faculty member at the Northwestern University Medical School since 1975. Dr. Sullivan testified that he has prescribed Ultram and Xanax and is familiar with the uses of both medications. As an internist, he is competent to testify regarding a physician's standard of care and the effects of medications that he has prescribed for patients. Defendants' challenges to Dr. Sullivan's qualifications and analysis are appropriate subjects for cross-examination. *Daubert*, 509 U.S. at 596 ("vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of challenging shaky but admissible evidence"). The motions *in limine* must be denied.

**9. Motion to bar evidence that unidentified persons contacted Schmidt to sell refills of Xanax and Ultram (Klinman #16, Ahlawat # 18)**

Schmidt's wife and father testified during their depositions that they received telephone calls at his residence attempting to refill his prescriptions of Xanax and Ultram. Defendants seek to exclude this evidence as irrelevant and prejudicial. Both witnesses testified that they did not know who made the telephone calls. Schmidt argues that the telephone calls seeking to refill the prescriptions are part of a routine practice of the pharmacies and web service providers with whom defendants were affiliated and are admissible under Rule 406. Telephone calls by unidentified callers, not alleged to be defendants, are hearsay not relevant to the issues in this case and lack proper foundation. Therefore, the motions *in limine* to bar evidence that unidentified persons attempted to contact Schmidt to refill the prescriptions must be granted.

### 10. Motion to bar evidence of prior or pending lawsuits (Klinman #18 and Ahlawat #6)

Defendants move to bar evidence of prior or pending malpractice lawsuits as irrelevant and unfairly prejudicial. Rules 401 and 403. Unrelated malpractice suits are not probative of any of the issues in this case. Further, any arguable probative value would be substantially outweighed by its prejudicial effect. *Brennan v. Paul Revere Life Insur. Co.* No. 00 C 0725, 2002 WL 1234385, at * 2 (N.D. Ill. June 10, 2002). Evidence is unfairly prejudicial if it will "induce the jury to decide the case on an improper basis rather than on the evidence presented." *United States v. Miles*, 207 F.3d 988, 992 (7th Cir. 2000). Evidence about unrelated lawsuits is inflammatory and likely to prejudice the jury against defendants. Accordingly, the motions *in limine* to bar evidence of prior or pending lawsuits must be granted.

### 11. Motion to bar testimony of Schmidt's telephone interview with physician (Klinman # 20, Ahlawat #19)

Defendants move to exclude testimony that Schmidt was contacted by a physician for a telephone interview when he ordered Vicodin over the internet. Defendants do not allege any authority in support of their motions, aside from stating the testimony is irrelevant. Schmidt argues that the testimony is relevant to the standard of care for physician's prescribing medication over the internet. Evidence should not be excluded on a motion *in limine* unless it is clearly inadmissible on all potential grounds. Evidentiary rulings should be deferred until trial so questions of foundation, competency, relevancy and potential prejudice may be resolved in proper context. *Middleby Corp. v. Hussman Corp.*, No. 90 C. 2744, 1993 WL 151290, at *1 (N.D. Ill. May 7, 1993). Thus, the motion must be denied.

### 12. Motion to bar bottles of prescription medicine and photographs of prescription bottles (Klinman #21, Ahlawat #23)

Defendants move to exclude the bottle of Xanax medicine and photographs depicting the Xanax bottle because Schmidt will not be able to establish a proper foundation for these exhibits. Further, defendants argue the label on the bottle is impermissible hearsay. Schmidt argues that under Rule 902(7) the bottle is self-authenticating and should be admitted.

Rule 902 states:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to ... [t]rade inscriptions and the like. Inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control or origin.

Schmidt asserts that labels affixed to containers have been found sufficiently reliable and trustworthy to be considered a hearsay exception. *People v. Shevock*, 72 N.E.2d 949, 953-54 (Ill. App. Ct. 2003).

Evidentiary rulings should be deferred until trial so questions of foundation may be resolved in the proper context. *Middleby Corp.*, 1993 WL 151290, at *1. Thus, the motions *in limine* to exclude the prescription bottles and the photographs must be denied.

### 13. Motion to Bar Lost Income Claim (Ahlawat #7, Klinman # 24)

Defendants move to bar any claim to past and future lost income. Schmidt does not claim any future lost income. The motion to bar a claim to future lost income is therefore moot. Without offering any support for his position, Ahlawat argues that Schmidt should be precluded from offering evidence on a lost income claim because he did not offer an expert on this issue. Contrary to Ahlawat's unsupported assertion, expert testimony is not required to establish a loss income claim. *Saed v. Shimano American Corp.*, No. 98 C 1204, 2000 WL 1036253, at *24 (N.D. Ill. July 24, 2000) ("The plaintiff's testimony regarding the nature of his or her injuries and the expected permanent duration of these injuries can be sufficient to take 'the question of the impaired earning capacity to the jury.'") (citing *LaFever v. Kemlite Co.*, 185 Ill.2d 380, 406 (Ill. 1998)). Thus, the motion *in limine* must be denied.

### 14. Motion to bar evidence Ahlawat's was professionally disciplined (Ahlawat #9)

Ahlawat moves to bar any evidence indicating his license to practice medicine in the State of North Carolina was disciplined. Ahlawat argues the evidence is irrelevant under Rule 402.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403.

The relevance and probative value of the discipline in North Carolina is unclear based on the insufficient information before the court. Thus, the motion *in limine* must be denied. The parties, however, are prohibited from mentioning the disciplinary measure in the jury's presence before the court rules on its admissibility.

### 15. Motion to bar evidence of negligence (Ahlawat # 10)

Ahlawat moves to exclude evidence of negligence because Schmidt cannot show negligence caused his injuries. Ahlawat cites no support for his motion. Further, Schmidt's expert Dr. Sullivan will testify that deviations from the standard of care are the direct and proximate result of defendants' negligence. The motion must be denied.

## CONCLUSION

For the foregoing reasons, Schmidt's motions *in limine* 1, 2, 3, 7, 8, 10 and 11 are denied. Schmidt's motions *in limine* 6 and 9 are granted. Klinman's motions *in limine* 4, 5, 7, 9, 12, 13, 14, 15, 20, 21, 23, and 25 are denied. Klinman's motion *in limine* 8, 16 and 18 are granted. Klinman's motions *in limine* 1, 2, 3, 6, 17, 19, 22 and 24 are moot. Klinman's motion *in limine* 10 is denied in part and granted in part. Ahlawat's motions *in limine* 1, 4, 7, 8, 9, 10, 11, 13, 14, 15, 16, 19, 20, 21, and 23 are denied. Ahlawat's motions *in limine* 6, 17, and 18 are granted. Ahlawat's motions *in limine* 1, 2, 3, 5 and 22 are moot. Ahlawat's motion *in limine* 12 is denied in part and granted in part. The court reserves ruling on Klinman's motions *in limine* 11 and 24 and Schmidt's motions *in limine* 4 and 5.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

December 2, 2005